UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALAN JAVIER FEDEROW,

                                                                           CASE NO:

        Plaintiff,

vs.

SPRINT/UNITED MANAGEMENT
COMPANY, a foreign profit corporation,

        Defendant.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, SPRINT/UNITED MANAGEMENT COMPANY ("Sprint"), hereby removes this action pursuant to 28 U.S.C. §§ 1332 and 1446, *et seq.*, to the United States District Court for the Southern District of Florida, Miami Division.

As grounds for removal, Sprint states as follows:

## STATE COURT ACTION

1. On or about May 27, 2021, Plaintiff, ALAN JAVIER FEDEROW ("Federow" or "Plaintiff"), filed a civil action against Sprint in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court Action"). The State Court Action was assigned Case No. 2021-012625-CA-01. Copies of all process, pleadings and orders received by Sprint in relation to the State Court Action are attached hereto as Exhibit 1.

2. The Summons and Complaint were served on Defendant on or about July 27, 2021. To the best of Sprint's knowledge and belief, the pleadings attached hereto as Exhibit 1 constitute all process, pleadings, and orders filed to date in the State Court Action.

3. The Complaint alleges four causes of action against Sprint, namely age discrimination in violation of the Florida Civil Rights Act ("FCRA") (Count I), national origin discrimination in violation of the FCRA (Count II), retaliation under the Florida Whistleblower's Act ("FWA") (Count III), and retaliation under the FCRA (Count IV).

**THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332**

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

A. **There is Complete Diversity Between the Parties**

5. Plaintiff's Complaint alleges that he is a resident of Miami-Dade County, Florida. (Compl. ¶ 3). Sprint notes that its records establish that at all times Plaintiff resided in Florida, with his most recent address in Miami-Dade County, Florida. (Moss Dec. at ¶ 5).[1] Thus, there is a presumption that Florida is the Plaintiff's domicile. *McBride v. Karumanchi*, 2015 WL 4132974 (M.D. Ala. July 8, 2015).

6. Sprint is a foreign profit corporation incorporated under the laws of Kansas, with its principal place of business located in Bellevue, Washington. (Moss Dec. at ¶ 3). Sprint is therefore a citizen of Kansas and Washington for purposes of diversity jurisdiction.

7. As a result of the foregoing, complete diversity between the parties exists.

B. **The Amount In Controversy Requirement Is Met**

8. Sprint vigorously disputes Plaintiff's entitlement to any monetary award from it. However, for purposes of removal, courts consider the amount that a plaintiff puts at issue in the case – not the amount to which the plaintiff may ultimately be entitled. *See South Florida*

---

[1] The Declaration of Latisha Moss in Support of Defendant's Notice of Removal ("Moss Dec.") is attached to this Notice as Exhibit 2.

*Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (amount-in-controversy inquiry is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation") (internal quotation omitted). Therefore, solely for purposes of determining the amount in controversy, Sprint relies upon the allegations in the Complaint, without admitting the truth of any of those allegations and without waiving its defenses to those claims, including without limiting its arguments relating to personal jurisdiction.

9. According to the Complaint, which arises under the FCRA and the FWA, Plaintiff is seeking damages which include "lost wages, benefits, including front pay, back pay with prejudgment interest." (Compl., "**WHEREFORE**" ¶ in each Count). Thus, the Court must look to the information presented within this Notice of Removal to determine whether the amount-in-controversy requirement of $75,000 under 28 U.S.C. § 1332(a) is satisfied. *See McGee v. Sentinel Offender Serv's, LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (Where the complaint does not assert a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."). "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *Id.*

10. Plaintiff alleges in his Complaint that he was a "salaried employee earning a base salary of approximately $64,000 per year at the time of his termination." (Compl. ¶ 14). Plaintiff further alleges in his Complaint that he was terminated in June of 2019. (Compl. ¶ 29).

11. Plaintiff filed his Complaint on May 27, 2021, nearly two years after his termination from Sprint in June of 2019. Based on an annual base salary of $64,000, Plaintiff's potential back pay damages as of the date of the filing of the Complaint on May 27, 2021 was

nearly $128,000, which more than satisfies the required $75,000 threshold for diversity jurisdiction. Thus, even using the most conservative approach and calculating the amount-in-controversy threshold through the date of the filing of the Complaint, the threshold is more than satisfied based on Plaintiff's own allegations set forth in the Complaint.

12. But even if that were not a sufficient basis, in addition to back pay damages, the Complaint also requests "emotional distress, embarrassment and humiliation" as additional damages in each Count of the Complaint. (Compl., "**WHEREFORE**" ¶ in each Count). Taking these allegations as true for purposes of this Notice, "[w]hile it is difficult to quantify the value of these damages, for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *See Hardman v. Zale Delaware, Inc.*, No. 16-CV-62826, 2017 WL 759023, at *4 (S.D. Fla. Feb. 28, 2017) (internal citations and quotations omitted).

13. As a means for this Court to quantify the value of Plaintiff's emotional distress damages for purposes of determining the amount in controversy, Defendant submits the following verdicts reached in discrimination/retaliation cases in the Southern District of Florida: *Horne v. Barr, Attorney General of the United States*, 2019 WL 11402890 (S.D. Fla.) (Verdict and Settlement Summary) ($626,000 awarded in pain and suffering damages in case alleging racial and disability discrimination, failure to provide reasonable accommodation, harassment/hostile work environment and retaliation); *Georgina CID v. The City of Miramar, Florida*, 2018 WL 4627746 (S.D. Fla.) (Verdict and Settlement Summary) ($215,000 awarded in emotional pain and anguish damages in case alleging national origin discrimination and retaliation). Based on the above jury awards in these similar cases, Plaintiff's claims for emotional distress damages here alone could easily exceed the jurisdictional threshold—and

thus, to the extent that this Court requires additional evidence to show that the amount in controversy requirement is satisfied here, Plaintiff's claims for emotional distress further demonstrate that the amount in controversy is met.

14. Finally, the Court must also consider attorneys' fees in calculating the amount in controversy. *See Cohen v. Office Depot, Inc.*, 2014 F.3d 1069, 1079 (11th Cir. 2000) ("When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy, for purposes of diversity jurisdiction, includes consideration of those fees"). Here, because the FCRA permits a prevailing plaintiff to recover attorneys' fees, the Court must take fees into consideration when determining if the amount in controversy is met. *See § 760.11(5).*

15. As a result of the foregoing, this case satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

## VENUE

16. The Southern District of Florida, Miami Division, is the district court of the United States for the district and division embracing where the State Court Action was brought and is pending. Accordingly, removal to this District is proper. *See* 28 U.S.C. §§ 89(c), 1441(a), 1446(a).

## REMOVAL IS TIMELY

17. Pursuant to 28 U.S.C. § 1446(b)(1), the filing of this Notice of Removal is timely, having been made within 30 days of the date that Plaintiff served the Summons and Complaint on Sprint.

## NOTICE TO STATE COURT AND PARTIES

18. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Sprint is filing a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

19. Also in accordance with 28 U.S.C. § 1446(d), Sprint will serve written notice of the filing of this Notice of Removal on Plaintiff through his attorney of record, Jason S. Remer, Esquire, Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

## CONSENT OF ALL DEFENDANTS

20. Sprint is the only defendant named in this action and consents to the removal of this action.

## ADDITIONAL CONSIDERATIONS

21. In filing this Notice of Removal, Sprint expressly reserves all rights, including the right to a jury trial.

22. Sprint also expressly reserves any and all defenses to Plaintiff's claims, and nothing herein should or shall be construed or interpreted as a waiver, relinquishment or forbearance of Sprint's right to assert any applicable defense, including without limitation, insufficiency of service of process, lack of jurisdiction, failure to state a claim or any other substantive or procedural defense available to Sprint.

23. Sprint further reserves the right to supplement or amend this Notice of Removal.

## CONCLUSION

24. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1446, and the action is properly removed to this Court.

WHEREFORE, Sprint respectfully removes this action from the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida to this Court.

Dated:  August 13, 2021

Respectfully submitted,

*/s/ Mary Ruth Houston, Esq.*
MARY RUTH HOUSTON, ESQ.
Florida Bar No. 869094
Primary: mhouston@shutts.com
Secondary: mljohnson@shutts.com
PAUL J. SCHECK, ESQ.
Florida Bar No. 028487
Primary: pscheck@shutts.com
Secondary: mljohnson@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801-5403
Telephone:    (407) 423-3200
Facsimile:    (407) 425-8316
*Attorneys for Sprint*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Notice of Removal was filed with the United States District Court, Southern District, via their CM/ECF system and was served via electronic mail this 13th day of August, 2021, to:

Jason S. Remer, Esquire
jremer@rgpattorneys.com
Daniel H. Hunt, Esquire
dhunt@rgpattorneys.com
Remer & Georges-Pierre, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, Florida 33130
*Attorneys for Plaintiff*

*/s/ Mary Ruth Houston*
Counsel

ORLDOCS 18883461 3