**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Alan Javier Federow</u>
Plaintiff

Case # _____
Judge   _____

vs.

<u>Sprint United Management Company</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

EXHIBIT "1"

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>4</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>      Fla. Bar # <u>165580</u>
    Attorney or party        (Bar # if attorney)

<u>Jason S Remer</u>        <u>05/27/2021</u>
 (type or print name)        Date

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

Case No._____

ALAN JAVIER FEDEROW,

      Plaintiff,

v.

SPRINT/UNITED MANAGEMENT COMPANY,
a Foreign Profit Corporation.

      Defendants.

_____/

## COMPLAINT

Plaintiff, ALAN JAVIER FEDEROW ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants, SPRINT/UNITED MANAGEMENT COMPANY, individually ("Defendants"), and states as follows:

### JURISDICTION AND VENUE

1.   This is an action by the Plaintiff for damages for breach of agreement under Florida Law and for discrimination predicated on Plaintiff's national origin and age in violation of the Florida Civil Rights Act, §760.01, *et seq*., Florida Statutes (hereinafter the "FCRA").

2.   This is an action for declaratory and injunctive relief and damages in excess of $30,000, exclusive of attorney fees and costs, for Defendant's unlawful, retaliatory discharge of Plaintiff in violation of Florida's private sector Whistleblower's Act, Fla. Stat. § 448.101 ("FWA").

3.   Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for the purposes of the FCRA and FWA.

4.   Defendant SPRINT/UNITED MANAGEMENT COMPANY is a Foreign Profit Corporation, having its one of its places of business in Miami-Dade County, where Plaintiff worked for Defendants, and Defendant, at all times material hereto, was and is, engaged in interstate commerce.

5.   Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, and payment was due in Miami-Dade County, Florida.

6.   Defendants have, meets the definition of "Employer" as it was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding respective calendar year(s).

7.   Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8.   All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

9.   Plaintiff filed his claim with the United States Equal Employment Opportunity Commission & Miami Dade County Commission on Human Rights on October 28, 2019.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.  Plaintiff was employed with Defendants as a Store Manager from January of 2001 until on or about June 21, 2019.

11.  Plaintiff is of Guatemalan National Origin.

12.  Plaintiff was 44 years old at the time of the alleged age discrimination.

13. At all times material hereto, Plaintiff and Defendant were engaged in an agreement whereby Plaintiff would be employed by Defendant and Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

14. Plaintiff was a salaried employee earning a base salary of approximately $64,000.00 per year at the time of his termination.

15. Plaintiff's job duties included but were not limited to running the retail store location at 12520 SW 120th Street, Miami, FL 33186 as well as coaching employees, scheduling, and hiring and firing employees with the District Manager's Approval.  The district Manager was Emicel Ana (hereinafter "DM").

16. Plaintiff was pressured by the DM to fire and write up employees often, even if the employees didn't deserve the write up or commit any offenses.

17. Other similarly situated employees were treated better than Plaintiff by the DM and the Regional Manager.

18. Plaintiff received lower scores than other managers and other stores by the DM, and these were not justified.

19. The district manager is a white Cuban male in his 40's.

20. The district manager would make comments to Plaintiff when he would complain such as "because you are Guatemalan."

21. Other comments by the DM which plaintiff complained to the Regional Supervisor of include statements such as "get your Guatemalan families to buy phones" and "… Guatemalans do that."

22. The DM would also make comments to Plaintiff about physical features of Guatemalans in a derogatory manner such as references to their height and other looks.

23. When plaintiff complained to the Regional manager by email in November of 2018, the complaint were ignored and Plaintiff was told not to send emails and that if he didn't hit his numbers he would be terminated.  The threat of termination was addressed but plaintiff's complaints were dismissed creating a sense that if you complain, we will treat you like we force you to treat other employees, write you up and terminate you for not hitting your numbers.  This is what eventually did happen to Plaintiff.

24. When Plaintiff shows DM a picture of his family, DM reported "isn't that the same Guatemalan family that was here last week?"

25. The DM only visited plaintiff's store one time per visitation period while he visited other stores many more times.

26. Other employees that participated in and benefitted from the disparate treatment Defendant subject Plaintiff to include Olga Gonzalez, John Carlo Delanova, Damien (LNU), Jean (LNU who are all Cubans.  Others include Jose (LNU) who is in his 20's and Damien (Manger) also in his 20's.

27. Plaintiff complained of a fraudulent practices to the DM and the Regional Manager which included failing to inform customers of activation charges on their phone accounts, adding lines and services without informing the customers or getting consent and making other such changes without authorization.

28. Plaintiff also complained of DM's comments regarding individuals of Guatemalan National Origin to no avail.

29. Plaintiff was terminated in June of 2019 in retaliation for his complaints about Management and discriminatory treatment.

30. Plaintiff was allegedly terminated for not hitting his numbers, an undisclosed complaint of sexual harassment which allegedly occurred 7-8 months earlier to which Plaintiff was no aware or informed. He was also allegedly terminated for taking an allegedly unauthorized picture of another employee's shoes who was out of uniform.

31. Other store managers that were much younger than plaintiff and not of Guatemalan origin were treated better than plaintiff and when these managers had low numbers, they were no terminated but they were transferred to other stores.

32. Plaintiff was terminated and replaced by Alonso Allyon, a white Cuban in his 20's.

33. Plaintiff has suffered mental injury, emotional injury, migraines and other significant life factors including financial damages as a result of Defendant's behavior.

34. Throughout Plaintiff's employment with Defendant, Plaintiff was qualified for his position and performed his duties in an exemplary fashion. However, Plaintiff was subjected to pervasive and continued negative treatment based on his race and national origin.

35. Any explanation proffered by Defendant for the adverse employment actions toward Plaintiff is pretextual.

36. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## <u>COUNT I</u>
## Age Discrimination in Violation of the FCRA

37.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 of this Complaint as if set out in full herein.

38.  At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statutes Section 760.10, which states "It is an unlawful employment practice for an employer: to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status".

39.  The discrimination and termination of Plaintiff by Defendant was on the basis of Plaintiff being sixty-two (62) years old.

40.  At all relevant times aforementioned, including the time of employment termination of Plaintiff, Defendant and its supervisory personnel, were aware that Plaintiff was above the age of forty (40) years old.

41.  At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

42.  Defendant retained all employees who exhibited discriminatory conduct towards the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

43.  At the time of Defendant's termination of Plaintiff's employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

44.  Plaintiff was qualified for his position.

45.  The termination of Plaintiff's employment was on the basis of his age.

46. As a direct and proximate result of the Defendant' intentional conduct, Plaintiff suffered serious economic losses as well as ridicule, embarrassment, and emotional distress.

47. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is mere pretext for the actual reason for terminating employment, Plaintiff's age.

48. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Stat. Section 760, protecting a person from discrimination because of age.

49. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully request that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age;

D. Reinstate full fringe benefits and seniority rights to Plaintiff;

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

F. For a money judgment representing prejudgment interest;

G.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

H.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I.  Grant Plaintiff a trial by jury;

J.  Grant such other and further relief as the Court deems just and proper.

## COUNT II

### *National Origin Discrimination in Violation of the FCRA*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

51. Plaintiff is a member of a protected class under the FCRA.

52. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national-origin-based animosity.

53. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Puerto Rican.

54. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

55. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

56. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

57. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

59. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

K.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

L.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

M.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

N.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

O.  Award Plaintiff the costs of this action, together with a reasonable attorneys'  fees;

and

P.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT III</u>
### *Retaliation under the FWA*

41.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 of this complaint as if set out in full herein.

42.   At all times material hereto, Defendant employed ten or more persons and otherwise qualified as an "employer" under the FWA.

43.   At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: … (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

44.   At all relevant times aforementioned, including at the time of Plaintiff's discharge, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

45.   At the time of discharge, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

46.   Defendant's discharge of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

47.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

48.   Any allegedly justified reason for Plaintiff's discharge asserted by Defendant is a mere pretext for the actual reason for discharge—Plaintiff's objections to the aforementioned illegal activity.

49.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

50.     The aforementioned actions of Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

Q.  Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

R.  Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

S.  Reinstate full fringe benefits and seniority rights to Plaintiff.

T.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

U.  Award any other compensation allowed by law including attorney's fees pursuant to Fla. Stat. § 448.104.

## <u>COUNT IV</u>
### *Retaliation in Violation of the FCRA*

51.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 of this Complaint as if set out in full herein.

52.     Defendant is an employer as that term is used under the applicable statutes referenced above.

53.     The foregoing allegations establish a cause of action for unlawful retaliation after

Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

54.     The foregoing unlawful actions by Defendant were purposeful.

55.     Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

56.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

53.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

54.     These damages are continuing and are permanent.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

V.   Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

W.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

X. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

Y. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

Z. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

AA. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

BB. For a money judgment representing prejudgment interest;

CC. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 23, 2021

Respectfully submitted,

/s/ Jason S. Remer
**REMER & GEORGES-PIERRE, PLLC**
**Jason S. Remer, Esq.**
Florida Bar No. 0165580
jremer@rgpattorneys.com
**Daniel H. Hunt, Esq.**
Florida Bar No. 121247
dhunt@rgpattorneys.com
Courthouse Tower
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR
MIAMI-DADE COUNTY, FLORIDA

**Case No.** 2021-012625-CA-01

ALAN JAVIER FEDEROW,

      Plaintiff,

v.

SPRINT/UNITED MANAGEMENT COMPANY,
a Foreign Profit Corporation.

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** SPRINT/UNITED MANAGEMENT COMPANY, through Registered Agent:

      THE PRENTICE-HALL CORPORATION SYSTEM, INC
      1201 HAYS STREET, SUITE 105
      TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET, SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____   _____
CLERK                              DATE

_____
(BY) DEPUTY CLERK

Filing # 128358186 E-Filed 06/08/2021 05:32:42 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND

FOR

MIAMI-DADE COUNTY, FLORIDA

Case No. 2021-012625-CA-01

ALAN JAVIER FEDEROW,

      Plaintiff,

v.

SPRINT/UNITED MANAGEMENT COMPANY,
a Foreign Profit Corporation.

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** SPRINT/UNITED MANAGEMENT COMPANY, through Registered Agent:

      THE PRENTICE-HALL CORPORATION SYSTEM, INC
      1201 HAYS STREET, SUITE 105
      TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET, SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts                                    6/17/2021

_____          _____
CLERK                                              DATE

217043

_____
(BY) DEPUTY CLERK